UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION, )
100 F Street, N.E. )
Washington, D.C. 20549 )
                     Plaintiff, )
    v. )    Civil Action No. 06-1182
RAYTHEON COMPANY, DANIEL P. BURNHAM, )
and ALDO R. SERVELLO, )
                     Defendants. )

**FINAL JUDGMENT AS TO DEFENDANT RAYTHEON COMPANY**

The Securities and Exchange Commission having filed a Complaint and Raytheon Company ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of $1.00 and a civil penalty in the amount of $12 million pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $12,000,001.00 within ten business days to the Clerk of this Court, together with a cover letter identifying Raytheon Company as a defendant in this action;

setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of

compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the Consent of Defendant Raytheon Company is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Final Judgment against Defendant forthwith and without further notice.

SO ORDERED.

Dated: Aug. 23, 2006

*Gladys Kessler*
UNITED STATES DISTRICT JUDGE