UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C. 20549<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, DANIEL P. BURNHAM,<br>and ALDO R. SERVELLO,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 06-1182<br><br>PLAINTIFF'S MOTION<br>TO APPOINT A TAX<br>ADMINISTRATOR |

## THE SEC'S MOTION TO APPOINT A TAX ADMINISTRATOR

The Securities and Exchange Commission ("SEC" or "Commission") respectfully requests that the Court enter an Order appointing Damasco & Associates, a certified public accounting firm located in San Francisco, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case.

By orders dated August 23, 2006, the Court entered Final Judgments as to Defendants Raytheon Company, Daniel P. Burnham and Aldo R. Servello pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to the Final Judgments, on August 31, 2006, Raytheon Company paid a total of $12,000,001 of disgorgement and penalty; on September 26, 2006, defendant Daniel P. Burnham paid a total of $1,238,344.37 of prejudgment interest, disgorgement and penalty; and on September 26, 2006, defendant Aldo R. Servello paid a total $34,628.28 of prejudgment interest, disgorgement and penalty; to the Clerk of this Court (the "Distribution Fund"). The Distribution Fund was thereafter deposited in an interest-bearing

account, account number 1:06-cv1182, under the case name designation "SEC v. Raytheon Company, Daniel P. Burnham and Aldo Servello."

The Distribution Fund constitutes a Qualified Settlement Fund (QSF) under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5. A Tax Administrator, on behalf of the Distribution Fund, should be appointed and authorized to take all necessary steps to enable the Distribution Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions. The Tax Administrator would cause the Distribution Fund to pay taxes in a manner consistent with treatment of the Distribution Fund as a QSF. The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Distribution Fund in accordance with the agreement between the Commission and the Tax Administrator.

In summary, this agreement provides for compensation for services and expenses as follows:

| SERVICE | FUND STATUS | FIXED FEE |
|---|---|---|
| Current year income tax returns, including items 1-6 (below). | Funds with no tax liability | $1250 |
| Current year income tax returns, including items 1-6 (below). | Funds with tax liability | $1550 |
| Delinquent year income tax returns, including items 1-6 (below). | Funds with no tax liability. | $1350 |
| Delinquent year income tax returns, including items 1-6 (below). | Funds with tax liability. | $1650 |
| Loss Carryback (claim for refund) returns. | For all funds. | $550 |

Fixed fee tax compliance services include:[1]

1. Obtain a federal tax identification number ("FEIN") for the QSF.
2. Prepare and file federal and state income tax returns, as required.
3. Where required, calculate quarterly estimated tax payments and provide information to the Court so that payments may be made timely.
4. Make arrangements with the SEC or its agents to pay tax liability.
5. Calculate and recommend retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.
6. Determine and comply with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

Dated: November 1, 2006

Respectfully submitted,

_____
Christopher J. Stewart (DC Bar No. 474010)
John D. Worland, Jr.
Timothy N. England
Beth Collier Groves
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549
(202) 551-4542

---

[1] These fixed fees include all copying and routine postage expenses. They also include any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges. Expenses that are not included are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended telephone conferences and reports. Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C. 20549<br><br>                      Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, DANIEL P. BURNHAM,<br>and ALDO R. SERVELLO,<br><br>                      Defendants. | Civil Action No. 06-1182<br><br>[PROPOSED] ORDER |

### [PROPOSED] ORDER TO APPOINT TAX ADMINISTRATOR

The Court having reviewed the Securities and Exchange Commission's motion to appoint Damasco & Associates as Tax Administrator and for good cause shown,

**IT IS HEREBY ORDERED:**

1. Damasco & Associates is appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case (the "Distribution Fund").

2. Damasco & Associates shall be designated the administrator of the Distribution Fund, pursuant to section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Distribution Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions

from the Distribution Fund. The Tax Administrator shall contemporaneously provide copies of all such filings to the Commission's counsel of record.

3. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Distribution Fund, request that the Commission's counsel of record file with the Court a motion, supported by the Tax Administrator's declaration of the amount of taxes due, to transfer funds from the Distribution Fund on deposit with the Court to pay any tax obligations of the Distribution Fund.

4. The Tax Administrator shall be entitled to charge reasonable fees for tax compliance services and related expenses in accordance with its agreement with the Commission. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a declaration of fees and expenses to the Commission's counsel of record for submission to the Court for approval and for payment from the Distribution Fund. No fees or expenses may be paid absent the Court's prior approval.

5. At least ten (10) days before any motion to pay fees and expenses is filed with the Court, the Tax Administrator shall provide the Commission counsel of record with a draft of the supporting declaration for review. If the Commission has any corrections or objections to the declaration, the Tax Administrator and the Commission's counsel shall attempt to resolve them on a consensual basis. If a consensual resolution is not reached, the Commission may submit with the motion any objections along with the Tax Administrator's response thereto.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE