UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C. 20549<br><br>                               **Plaintiff,**<br><br>    v.<br><br>RAYTHEON COMPANY, DANIEL P. BURNHAM,<br>and ALDO R. SERVELLO,<br><br>                               **Defendants.** | **Civil Action No. 06-1182** |
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C. 20549<br><br>                               **Plaintiff,**<br><br>    v.<br><br>FRANKLYN A. CAINE,<br>21 Dexter Street<br>Dedham, MA 02026,<br><br>                               **Defendant.** | **Civil Action No. 07-00494** |
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C. 20549<br><br>                               **Plaintiff,**<br><br>    v.<br><br>EDWARD S. PLINER,<br>13 Locust Street<br>Salem, MA 01970,<br><br>                               **Defendant.** | **Civil Action No. 07-00495** |

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C.  20549 | )<br>)<br>)<br>)<br>) | Civil Action No. 07-00496 |
| Plaintiff, | )<br>) |  |
| v. | )<br>) |  |
| JAMES E. GRAY,<br>13498 East Columbine Drive<br>Scottsdale, AZ 85260, | )<br>)<br>)<br>) |  |
| Defendant. | )<br>) |  |

## MEMORANDUM IN SUPPORT OF MOTION
## FOR APPOINTMENT OF A DISTRIBUTION AGENT

The Securities and Exchange Commission ("the Commission"), requests that the Court appoint Epiq Systems, Inc. ("Epiq") as agent for distribution to investors of approximately $15.4 million (as of June 11, 2008) in disgorgement, penalties and interest presently in the Court's registry (the "Fair Fund") as a result of settlements with defendants in the above-referenced actions.  Epiq, if appointed, will have the primary task of working with the Commission staff to design and implement a plan to distribute the Fair Fund to investors that the Commission will subsequently file with the Court for approval.

**I.    PROCEDURAL BACKGROUND**

By orders dated August 23, 2006, the Court entered Final Judgments as to Defendants Raytheon Company, Daniel P. Burnham and Aldo R. Servello pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Pursuant to the Final Judgments, on August 31, 2006, Raytheon Company paid a total of $12,000,001 of disgorgement and penalties; on September 26, 2006, defendant Daniel P. Burnham paid a total of $1,238,344.37 of prejudgment interest,

2

disgorgement and penalties; and on September 26, 2006, defendant Aldo R. Servello paid a total $34,628.28 of prejudgment interest, disgorgement and penalties; to the Clerk of this Court. The payments were thereafter deposited in an interest-bearing account, account number 1:06-cv1182, under the case name designation "SEC v. Raytheon Company, Daniel P. Burnham and Aldo Servello." The monies constitute a Qualified Settlement Fund (QSF) under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.

By orders dated March 16, 2007, the Court entered Final Judgments as to Defendants Franklyn A. Caine, Edward S. Pliner and James E. Gray pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to those Final Judgments, on March 30, 2007, defendant Franklyn A. Caine paid a total of $831,072 of prejudgment interest, disgorgement and penalties; on March 29, 2007, defendant Edward S. Pliner paid a total of $565,042 of prejudgment interest, disgorgement and penalties; and on April 9, 2007, defendant James E. Gray paid a total of $107,753 of prejudgment interest and disgorgement, to the Clerk of this Court. These monies were thereafter deposited in separate interest-bearing accounts, bearing account numbers 1:07-cv00494; 1:07-cv00495; and 1:07-cv00496, respectively, and under the respective case name designations, "SEC v. Franklyn A. Caine," "SEC v. Edward S. Pliner," and "SEC v. James E. Gray." These accounts also constitute QSFs under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.

By Order dated October 18, 2007, the Court consolidated all of the above enforcement actions for administrative purposes and for eventual distribution of the QSF monies to investors. Each Final Judgment referenced above provides, in part, that the monies may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

**II.    THE COURT SHOULD APPOINT EPIQ AS DISTRIBUTION AGENT**

The Commission requests an Order appointing a Distribution Agent to work with the Commission staff in designing and implementing a plan for distributing the Fair Funds to investors ("Plan of Distribution"). The Commission recommends that the Court appoint Epiq as the Distribution Agent. If appointed, Epiq will work with the Commission's staff in formulating the Plan of Distribution, obtaining the Court's approval for the plan, and ultimately distributing the Fair Fund for the benefit of victims of the violations committed by Raytheon and certain of its officers. The Commission submits that Epiq is eminently qualified for such tasks and will be fair, efficient, cost-effective, and timely in its efforts.

The Commission staff solicited bids from five firms specializing in the business of handling claims for mass distributions arising from class action and regulatory lawsuits. The staff's solicitations ultimately yielded written submissions from four of the five potential distribution agents. All four firms have extensive experience in fund distribution, principally in class action distributions, but also with the Commission and other government agencies. Each of them has made distributions substantially larger in terms of dollars and claimants than this distribution and each told the staff that the nature of the distribution in this case would not pose any unusual difficulties. The staff recommended to the Commission that Epiq be selected because its estimate was the least expensive by a significant margin and because it was willing to agree to a 10% penalty if it does not complete the distribution within six months. The Commission approved the staff's recommendation. A complete Curriculum Vitae and pricing proposal submitted by Epiq is attached hereto as Exhibit A.

Epiq has over two decades of experience in claims administration, has handled over 500 cases and has extensive experience in administering large and complex securities matters. Epiq

4

has previously worked with the Commission on the *California Micro Devices Corporation Securities Litigation* (*SEC v. Henke, et al.*) and has worked with the Department of Justice since 1999 on the *Pigford v. Johanns* settlement, disbursing over $950 million to black farmers discriminated against by the Department of Agriculture.  Epiq Systems has also worked on many large securities class actions, including the *Electronic Data Systems Corporation Securities Litigation* ($137.5 million distributed) and the *Conseco Inc. Securities Litigation* ($95 million distributed).

### III.   CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court grant its motion for an Order appointing Epiq Systems, Inc. as Distribution Agent.

Dated:  June 24, 20008                                        Respectfully submitted,


                                                <u>s/John D. Worland, Jr.</u>
                                                John D. Worland, Jr. (DC Bar No. 427797)
                                                Timothy N. England
                                                Beth Collier Groves
                                                Attorneys for Plaintiff
                                                Securities and Exchange Commission
                                                100 F Street, NE
                                                Washington, DC  20549
                                                (202) 551-4542